In the Matter of S. ISRAEL BLAKESBERG, an Attorney, Respondent.

First Department, July 15, 1932.

*Einar Chrystie*, for the petitioner.

Respondent in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on the 8th day of February, 1926, under the name of Israel Blakesberg, at a term of the Appellate Division of the Supreme Court, State of New York, First Department, held in the county of New York.

In the petition herein he is charged with misconduct as an attorney at law substantially as follows: Sometime prior to January 1, 1931, the James F. Kane Company, Inc., of Louisville, Ky., retained the respondent to collect a claim of approximately $650 from Messrs. Horowitz & Leff of New York city. The respondent agreed to accept the sum of $50 for his services in the matter, of which sum $25 was paid at or about the time of the retainer, and it was

agreed that the balance was to be paid after the claim had been collected. On January 7, 1931, the respondent collected from Messrs. Horowitz & Leff the sum of $650 in full settlement of the claim and converted the entire amount to his own use. Thereafter the respondent made several promises to pay to the Kane Company its share of the money collected but he failed to do so. On or about February 11, 1931, the respondent sent the Kane Company a check for $625 as the company's share of the money collected. The check was dishonored when presented for payment because of insufficient funds to the credit of the respondent's account. In March, 1931, a representative of the Kane Company came to New York city and interviewed the respondent, who then paid him $180 and promised to pay the balance on or before April 1, 1931. The respondent did not pay the balance as promised, and no part thereof has been paid except a further sum of $200, paid on or about April 2, 1931, leaving a balance of $245 still unpaid.

The respondent admits the allegations contained in this petition, with the exception that he disputes the allegation that no payment has been made after April 2, 1931; whereas, he alleges that prior to the service upon him of the petition he paid the further sum of $75, leaving a balance due of $170, in addition to which he has agreed to return to the Kane Company the sum of $50 which he charged as a fee, since he feels that he is not entitled to a fee in the case handled by him for the Kane Company.

The petitioner's charge thus being substantially admitted by the respondent, there only remains the question of appropriate punishment.

The respondent has shown commendable frankness in answering the charge. He has not, as happens so often, sought an avenue of escape by means of false denials and a concocted explanation. While this circumstance does not excuse, it bears upon the extent of the punishment to be imposed.

The judgment of this court is that the respondent shall stand suspended for a period of one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.